WIDENING OF BURNISH ST., POTTSVILLE BOR.
WIDENING OF HOWARD AVE., POTTSVILLE BOR.

APPEALS BY SCHUYLKILL COUNTY FROM THE COURT OF QUARTER SESSIONS OF SCHUYLKILL COUNTY.

Argued February 17, 1891—Decided March 9, 1891.

Under the act of February 11, 1854, P. L. 62, (extended to Schuylkill county by the act of March 6, 1860, P. L. 105,) and the act of April 2,

Statement of Facts.

1872, P. L. 723, the Court of Quarter Sessions has jurisdiction to open, vacate, and widen streets in the borough of Pottsville, (incorporated by act of February 19, 1828, P. L. 100, and its supplements, and not within the general borough law of April 3, 1851, P. L. 320,) the damages assessed to be payable by the county. *

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, Mc-COLLUM and MITCHELL, JJ.

No. 174 January Term 1890, and No. 221 July Term 1890, Sup. Ct.; court below, numbers and terms not given.

On September 13, 1889, upon the petition of James Truman and others, citizens of Pottsville borough, the court appointed three persons, as viewers, to view and inquire as to the propriety of widening a certain public highway known as Burnish street in said borough, between Peacock street and Railroad street. On November 13th, a report of the viewers was filed recommending a widening of the said street, between the points named, to a certain width and in accordance with a plot attached, assessing damages to Anna S. Loeser at $700. To this report, exceptions were filed on behalf of the county of Schuylkill, sufficiently appearing in the opinion of the court below, infra.

On November 14, 1887, upon the petition of citizens of said borough, the court had appointed three persons, as viewers, to view and inquire as to the propriety of widening Howard Avenue in said borough, between Ninth street and Twelfth street; and on March 5, 1887, a report of the viewers was filed recommending the widening of said avenue, between the points named, to a certain width and in accordance with a plot attached, assessing damages in favor of persons whose properties were injured thereby. To this report, on April 23, 1888, exceptions were filed in behalf of Schuylkill county.

---

* See Union St., Pottsville Bor., ante, 525. In the present cases, the liability of the county for the damages seemed to be conceded, if the court had jurisdiction. The appellant's paper-book stated: "The expense of widening streets in Pottsville is enormous. Widening Norwegian St., in this borough, in 1887, . . . . cost the county about $14,000. All the costs on the county for that year were about $19,000. . . . . Not many years ago, viewers awarded $44,000 damages for widening a street (Market) one square in length."

Opinion of Court below.

On June 16, 1890, the exceptions to the report of the viewers in the matter of Burnish street having been argued, the court, GREEN, J., filed the following opinion:

A number of exceptions have been filed to the report of the viewers, by the county of Schuylkill through its solicitor, but they resolve themselves into two main objections: First, that the Court of Quarter Sessions has no jurisdiction in the matter of opening, vacating, and widening roads in the borough of Pottsville; and second that the county is not liable to pay the damages assessed by the viewers in such cases. The contention on the part of the exceptant is that the jurisdiction over the streets of the borough is vested exclusively in the borough authorities, and that the payment of the damages must be assessed upon and paid by the borough. As both these objections must be determined by reference to the same acts of assembly, it will be most convenient to consider them together.

Under the general act of June 13, 1836, §§ 8, 9, P. L. 556, and its supplement of May 8, 1850, § 8, P. L. 715, full jurisdiction was conferred by the legislature upon the Quarter Sessions over the laying out, opening, and widening of roads and highways, as well in boroughs as in townships, and the damages assessed were made payable out of the county funds. This is undisputed. Has this been changed by subsequent legislation?

It is claimed that the act of assembly of April 22, 1856, P. L. 526, has changed the jurisdiction from the Quarter Sessions to the borough councils, and has cast the burden of paying the damages upon either the borough or the parties benefited, as the viewers appointed by the court may determine. But the difficulty is, that this act does not apply to the borough of Pottsville. It is a supplement to the general borough law of April 3, 1851, P. L. 320, and applies only to boroughs incorporated under the provisions of that act. The borough of Pottsville was incorporated long before, by the act approved February 19, 1828, P. L. 100, which was a special act. The act of April 22, 1856, P. L. 526, did not change the method of proceeding, nor the liability for the payment of the damage.

As corroborative of this, we find that the same legislature upon the very same day, April 22, 1856, P. L. 509, passed a special act " relative to streets, lanes and alleys in the borough

Opinion of Court below.

of Pottsville." This act undertook to give the town council full authority to lay out, open, widen, and straighten roads, streets, lanes, etc., in the borough, and provided that upon petition for the opening of any street, if approved by the council, the same should be opened ; that in case of damage done by such opening, three freeholders should be appointed, two by the council and the third by the petitioners, to assess the same, who were directed to proceed to assess the damages "likely to be done by the opening of such street, taking into consideration the advantages any such street, lane, or alley may be to the petitioners, and make report to said town council, which report so made shall be filed among the said papers and entered on the books of the said council." And here the act ends. It makes no provision whatever as to the payment of the damages, how they shall be paid, or who shall pay them. It does not direct them to be paid by the borough ; neither does it direct them to be assessed upon those benefited by the opening. In the absence of legislation changing the liability of the county, the burden would still remain on the county. The difficulty then would be, how could such a liability be put on the county, in a proceeding which is not judicial in character and to which the county is in no sense a party? It could not be done.

I do not know that the provisions of this act of assembly were ever attempted to be carried out by opening any street in the borough under it, but it strikes me very forcibly that the act is inoperative and of no effect for want of proper provisions as to the payment of the damages, and would be declared unconstitutional by the court of last resort. The act is sadly defective, if it intended a change of system. Its method of appointing viewers is partial and unjust, and no provision is made for an appeal to the court by any party aggrieved or dissatisfied as to the damages allowed. Besides, the provisions of the act would seem to apply only to the opening of a street, lane or alley, and not to its widening or straightening. I am not aware that this act was ever passed upon by any judicial tribunal, but it seems to me that it would be open to serious questions.

But we are relieved from any difficulty on this score by the act of March 6, 1860, P. L. 105, which extended the provisions

of the act of February 11, 1854, P. L. 62, entitled " An Act to consolidate and amend the road laws of the counties of Beaver, Butler, and Lawrence," to the county of Schuylkill. This operated as a repeal of the special act of 1856, and from its passage down to the present time, we have acted under it. It changes the number of viewers to be appointed, prescribes in detail their duties and how their report shall he made out, and how the damages are to be ascertained. But it makes no changes in the law of 1836 as to the jurisdiction of the court, nor as to the liability of the county for the damages assessed by the viewers and approved by the court.

This court has uniformly held in a number of cases, that the jurisdiction was lodged in the Quarter Sessions, and no law has been pointed out which changes the liability for damages from the county to the borough. The last case decided by this court as to jurisdiction was within a year: In re Vacation of Union street, and now pending in the Supreme Court upon questions not directly involved in the present case. The Supreme Court has passed directly upon the question of jurisdiction, which necessarily carries with it the question of liability for damages, as they are both dependent on the same acts of assembly. In the matter of the widening of Norwegian street, Justice WOODWARD, in 1879, decided " that by the act of 1860, the provisions of the Butler and Beaver acts of 1854 were extended to the county of Schuylkill. It would be superfluous to inquire into the scope and meaning of the act of 1854. In an opinion delivered by the late Judge WILLIAMS, in February, 1870, this court decided, In re Public Road in Pottsville, that as extended it supplied and repealed the act of 1856, and authorized the appointment of viewers by the Court of Quarter Sessions to open streets in Pottsville. The act of 1854, as extended by the act of 1860 and modified by the act of April 2, 1872, P. L. 723, (which required the approval of the borough council to a petition), is the existing authority for proceedings like these: Norwegian St., 81 Pa. 352. This decision has been followed in the matter of the widening of Howard street, in the borough, which was also passed upon by the Supreme Court. The question may therefore be regarded as settled by repeated decisions and by our uniform practice for many years, and appears now to be for

Arguments.

the first time questioned, so far as relates to the liability for the payment of damages. We have treated the question simply as one of law, regardless of any considerations which have been strenuously urged and elaborately argued as to the alleged hardship upon the county to be called upon to pay the damages for opening or widening the streets of the borough. The exceptions must therefore be dismissed and the report of the viewers confirmed.

And now, June 16, 1890, the exceptions to the report of the viewers are hereby overruled and the report confirmed absolutely.

—On May 14, 1890, in the matter of Howard Avenue, the following order was made: "And now, July 14, 1890, confirmed, on the decision heretofore made by Judge GREEN in the Burnish street case."

Thereupon, the exceptant took these appeals, in each case assigning the dismissal of the exceptions filed, for error.

*Mr. J. F. Minogue*, for the appellant.

Upon the question of jurisdiction, counsel cited: Incorporating acts of February 19, 1828, P. L. 100, and April 4, 1831, P. L. 439; act of April 22, 1856, P. L. 509; act of April 2, 1872, P. L. 723; Parkesburg Bor. Sts., 124 Pa. 523; §§ 8, 9, act of June 13, 1836, P. L. 556; §§ 2, 27, act of April 3, 1851, P. L. 320; § 2, act of April 22, 1856, P. L. 526; act of February 11, 1854, P. L. 62; act of March 6, 1860, P. L. 105; Norwegian St., 81 Pa. 352; Church Road, 5 W. & S. 201; Liberty Alley, 8 Pa. 381; McConnell's Mill Road, 32 Pa. 286; Lower Merion Road, 58 Pa. 68; Catharine Tp. Road, 76 Pa. 191.

*Mr. E. D. Smith* and *Mr. James M. Healy* (with them *Mr. S. B. Edwards*), for the appellees.

As to the jurisdiction and the liability of the county for damages, counsel cited: Section 8, act of June 13, 1836, P. L. 556; Callowhill St., 32 Pa. 361; act of February 11, 1854, P. L. 62; act of March 6, 1860, P. L. 105; Resolution of May 29, 1840, P. L. 752; East Union Tp. v. Comrey, 100 Pa. 362; Smedley v. Erwin, 51 Pa. 445; Norwegian St., 81 Pa. 349; Schuylkill Co.'s App., 38 Pa. 459.

PER CURIAM:

Each of the above cases is affirmed upon the opinion of the learned judge of the court below.

Orders affirmed.